IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2: 05cv0238-WKW |
| | ) [WO] |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 22 April 2005, this court entered an order requiring the defendant ["Commissioner"] to file an answer responding to the complaint by 21 July 2005 and the plaintiff ["Green"], who is proceeding *pro se*, to file her brief in support of her complaint within forty days thereafter (Doc. # 5). The Commissioner complied, filing her answer on 20 July 2005 (Doc. # 10). Accordingly, Green's brief was due by 29 August 2005.

As of the date of this recommendation, 161 days beyond the deadline, Green still has not filed her brief.

**I. DISCUSSION**

Rule 41 (b) confers upon a district court the authority to dismiss actions for failure to comply with the local rules. **Kilgo v. Ricks**, 983 F.2d 189, 192 (11th Cir. 1993).

In **Link v. Wabash R. Co.**, 370 U.S. 626, 630 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to

prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear to require a motion from a party:

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176 [3 S.Ct. 570, 571, 28 L.Ed. 109 (1884)]. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." 370 U.S., at 630-632, 82 S.Ct., at 1388-1390 (footnotes omitted).

370 U.S. at 630.

As noted by the Eleventh Circuit, "[t]he district court possesses the inherent power to police its docket." ***Mingo v. Sugar Cane Growers Co-Op of Florida***, 864 F.2d 101, 102 (11th Cir. 1989). "Incident to this power, the judge may impose formal sanctions upon dilatory litigants." ***Id.*** "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." ***Id.***

It is not this court's duty to prod or nudge the party who initiated these proceedings. ***See Harris v. Menendez***, 817 F.2d 737, 739 (11th Cir.1987) (discussing prisoner IFP litigation); ***see also Moon v. Newsome***, 863 F.2d 835 (11th Cir. 1989) (if a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant).

The court should not automatically dismiss with prejudice, however.

> [B]ecause the penalty is so drastic, a district court may dismiss a case with prejudice only where "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Id.*, quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983); see also *McKelvey v. AT & T Technologies*, Inc., 789 F.2d 1518, 1520 (11th Cir.1986) (dismissal justified only by "clear record of delay or contumacious conduct," quoting *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir.1980)). Mere delay will not suffice; "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey* at 1520.

***Kilgo v. Ricks***, 983 F.2d at 192. The court finds that, in consideration of the aforestated factors, and in the absence of evidence of Green's willful contempt, a dismissal without prejudice is warranted.

## II.   CONCLUSION

Therefore, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice for Green's failure to comply with the court's order and for her failure to respond to the defendant's Answer. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **21 February, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982).  *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982).  *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981).

DONE this 7th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE